**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MATTHEW GIBBS, # 175735**                                              **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 2:13cv85-KS-MTP**

**CHRISTOPHER EPPS, MISSISSIPPI
DEPARTMENT OF CORRECTIONS, DR.
RON WOODALL, RON KING, MIKE
HATTON, JOHNNIE DENMARK, and
GLORIA PERRY**                                                        **DEFENDANTS**

**ORDER DISMISSING MDOC**

BEFORE THE COURT are *pro se* Plaintiff Matthew Gibbs's pleadings.  He is

incarcerated with the Mississippi Department of Corrections ("MDOC") and brings this action

alleging a failure to treat his medical condition.  The Court has considered and liberally

construed the pleadings.  As set forth below, Defendant MDOC is dismissed.

On April 25, 2013, Gibbs filed this Complaint against MDOC, among others.  He alleges

that he has prostate cancer and he is being denied a special diet and follow up oncology visit

contrary to doctor's orders.

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma*

*pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time

if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Gibbs to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Gibbs sues MDOC under Section 1983 and, construed liberally, under state law. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the Section 1983 claims against MDOC are dismissed.

Further, to the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claims against MDOC are dismissed as well.

2

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITH PREJUDICE** as to the Section 1983 claims and **DISMISSED WITHOUT PREJUDICE** as to the State law claims.

**SO ORDERED**, this the 6th day of August, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE