IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MATTHEW GIBBS**                                                                         **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO.: 1:13-cv-526-KS-MTP**

**CHRISTOPHER EPPS, ET AL.**                                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the before the Court *sua sponte* pursuant to its duty under 28 U.S.C. § 1915A to screen or review prisoners' claims and dismiss those which fail to state a claim for which relief may granted.  Having considered Plaintiff's claims and applicable law, the undersigned recommends that Defendants Christopher Epps, Ron King, Mike Hatton, and Gloria Perry be dismissed with prejudice and that Plaintiff be allowed to proceed against Dr. Ron Woodall and Johnnie Denmark only.

## BACKGROUND

On April 25, 2013, Plaintiff Matthew Gibbs, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the South Mississippi Correctional Institution ("SMCI").  Plaintiff's claims arose while he was a post-conviction inmate at SMCI.  Plaintiff has named six defendants, and his claims relate to the alleged denial of adequate medical care in connection with the administration of his diet.

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on May 1, 2014.  Plaintiff appeared *pro se*; Vardaman Smith appeared on behalf of Dr. Ron Woodall; and Keith Gates appeared on behalf of Christopher Epps, Ron King, Mike Hatton, Johnnie Denmark, and Gloria Perry.

1

## ANALYSIS

Plaintiff alleges claims for the denial of adequate medical treatment in violation of the Eighth Amendment.  Specifically, Plaintiff alleges that a radiologist unaffiliated with SMCI placed him on a restricted diet which called for him to refrain from eating red meat and processed meat, but Defendants denied his requests for a special diet.

Plaintiff claims Defendants Epps, King, Hatton, and Gloria, as individuals with supervisory responsibilities, should have provided Plaintiff a special diet.  Plaintiff, however, never spoke to or corresponded with these Defendants regarding his diet and does not know whether any of them were ever aware of his requests for a special diet. *See* Omnibus Order [32].

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  However, it is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability."  *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  Supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff has failed to allege that Defendants Epps, King, Hatton, and Gloria were personally involved in the alleged denial of adequate medical treatment, or that these Defendants implemented an unconstitutional policy that causally resulted in an injury to Plaintiff.

Based on the foregoing, Plaintiff has fail to state a claim for which relief may granted against Defendants Epps, King, Hatton, and Gloria under Section 1983. Additionally, if any injunctive relief is granted relating to Plaintiff's diet, the presence of these Defendants in this action would not be necessary in order to implement the relief requested. Defendant Johnnie Denmark, as warden of SMCI, can implement any relief that might be awarded. Accordingly, these Defendants should be dismissed with prejudice.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that Defendants Christopher Epps, Ron King, Mike Hatton, and Gloria Perry be dismissed with prejudice and that Plaintiff be allowed to proceed against Dr. Ron Woodall and Johnnie Denmark only.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

3

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 2nd day of May, 2014.

s/ Michael T. Parker
United States Magistrate Judge