**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT**

**MATTHEW GIBBS**                                                                                          **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:13cv526-KS-MTP**

**CHRISTOPHER EPPS, et al.**                                                               **DEFENDANTS**

## REPORT AND RECOMMENDATIONS

THIS MATTER comes before the Court on Motions for Summary Judgment [43] & [45] filed by Defendants Ron Woodall and Johnnie Denmark, respectively. Having considered the submissions of the parties and the applicable law, the Court finds that Defendants' motions [43] & [45] should be granted and that this matter should be dismissed with prejudice.

## BACKGROUND

Plaintiff Matthew Gibbs is currently incarcerated at Central Mississippi Correctional Facility ("CMCF"). However, this lawsuit arises from events which took place while the Plaintiff was incarcerated at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on or about April 5, 2013.[1] His claims and requested relief were clarified and amended through his sworn testimony at a *Spears* hearing on May 1, 2014.[2]

Plaintiff claims that he was denied adequate medical care while incarcerated at SMCI. Specifically, Plaintiff alleges that he was denied a particular diet necessitated by a previous illness.

---

[1]*See* Complaint [1].

[2]*See* Omnibus Order [32].

According to Plaintiff's records, he was diagnosed with prostate cancer in 2010.[3] Plaintiff alleges that one of his treating physicians placed him on a restricted diet which called for him to refrain from eating red meat and processed meat.[4]  Plaintiff alleges that he filed several forms at SMCI requesting his diet be modified by replacing red meats and processed meats with other foods. Plaintiff alleges that Defendant Dr. Woodall refused to order the special diet despite Plaintiff's requests. Plaintiff also named Defendant Johnnie Denmark in his complaint, who at the time was warden of SMCI.  Plaintiff alleges that Denmark, as a prison supervisor, should have provided Plaintiff with a special diet.  Plaintiff conceded that he never spoke or corresponded with Denmark regarding his diet and does not know whether Denmark was aware of his requests.[5]

Plaintiff alleges that Defendants continue to deprive him of a proper diet and that, as a result, he is not receiving adequate calories and has lost a significant amount of weight. Plaintiff seeks injunctive relief in the form of being provided the special diet. He also seeks monetary damages in the amount of $50,000.[6]

## STANDARD

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the

---

[3]*See* Medical Records [32] at 70-72

[4]*See* Omnibus Order [32] at 2.

[5]*Id.*

[6]*Id.* at 3.

2

evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

Plaintiff alleges that he received inadequate medical care at SMCI.  A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). The test for deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511, U.S. 825, 837 (1994). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate indifference requires evidence that prison officials "refused to treat [the plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

The undersigned notes as an initial matter that Plaintiff is no longer incarcerated at SMCI.[7] Thus, the specific injunctive relief Plaintiff seeks–an order directing SMCI officials to provide him a particular diet–is now moot.

---

[7]*See* Notice of Change of Address by Matthew Gibbs [58].

As for Plaintiff's requests for monetary relief, his allegations fail to establish that Defendants were deliberately indifferent. First, although Plaintiff claims that he was placed on a special diet by a treating physician, he has provided no record of this prescription diet, nor do his medical records indicate that one exists. Plaintiff attached two exhibits to his response to summary judgment,[8] arguing that they serve as proof of his prescription. However, the first is simply a letter from his physician that discusses Plaintiff's radiation treatments, and the second is a form from the Hattiesburg Clinic that states men who consume large amounts of red meat and high-fat dairy products have an increased risk for prostate cancer.[9] By sworn affidavit, Dr. Woodall asserts that there is no medical reason to provide Plaintiff with a special diet due to his prior prostate cancer.[10]

Second, Plaintiff has alleged facts, verified by his medical records, that negate any inference of deliberate indifference by SMCI officials. Plaintiff testified at the *Spears* hearing that he has been treated by Dr. Woodall at SMCI.[11] His medical records reflect that he has been seen multiple times by SMCI medical personnel as well as private physicians in regard to his prostate health concerns. Plaintiff entered MDOC custody in May 2012. On January 22, 2013, Plaintiff was seen by Dr. John M. Guice, a urologist at the Hattiesburg Clinic.[12] On April 3, 2013, Plaintiff's PSA[13] was checked

---

[8]*See* Response [48].

[9]*See* Letter [1-3]; Hattiesburg Clinic Information [1-4]. Plaintiff also attached this information from the Hattiesburg Clinic to his Response [47] to summary judgment.

[10]*See* Affidavit [39-4].

[11]*See* Omnibus Order [32] at 2

[12]*See* Medical Records [42] at 49.

[13]Prostate-specific antigen, or PSA, is a protein produced by cells of the prostate glad. And elevated level is often associated with the presence of prostate cancer. *See* National Cancer Institute, Prostate-Specific Antigen (PSA) Test

by Dr. Woodall  and was at a normal level.[14] He was seen again on May 22, 2013, by Dr. Guice at

the Hattiesburg Clinic.[15] Dr. Guice reported that there was no indication of a recurrence of Plaintiff's

cancer.  On October 30, 2013, Plaintiff's PSA was screened again and was within normal ranges.[16]

On November 21, 2013, Plaintiff had a follow-up appointment with Dr. Guice, and again there was

no indication of cancer.[17] Finally, Plaintiff was seen on May 28, 2014, by Dr. Guice and was given

a clean bill of health.[18]

Plaintiff's medical records show that he received substantial care and treatment. Neither

Plaintiff's disagreement as to the necessity of his diet nor Defendant Woodall's medical decision

to deny Plaintiff's demands give rise to a constitutional violation. As stated above, a prisoner's

disagreement with medical treatment does not establish deliberate indifference. *Gobert*, 463 F.3d

at 346. In addition, the United States Court of Appeals for the Fifth Circuit has clearly held that a

decision to provide additional treatment is a "classic example of a matter for medical judgment" that

likewise fails to constitute deliberate indifference. *Id.*

Finally, Plaintiff's claim that Defendant Denmark, as supervisor, was deliberately indifferent

because he made the final decision authorizing the denial of Plaintiff's requested medical care also

fails. As explained above, Plaintiff has failed to show that any SMCI official was deliberately

---

http://www.cancer.gov/cancertopics/factsheet/detection/PSA. Last visited January 26, 2015.

[14]*See* Medical Records [32] at 351-52.

[15]*Id.* at 2, 39-41.

[16]*Id.* at 390-92.

[17]*Id.* at 7-30.

[18]*Id.* at 418-18.

indifferent to his serious medical condition. Furthermore, it is well-settled that there is no supervisory or respondeat superior liability under Section 1983. *Oliver v. Scott*, 276 F.3d 736, 742 & n. 6 (5th Cir. 2002).

<h2 align="center"><u>RECOMMENDATIONS</u></h2>

For the reasons stated above, it is the recommendation of the undersigned that Defendants' Motions for Summary Judgment [43] & [45] be granted and that this action be dismissed with prejudice.

<h2 align="center"><u>NOTICE OF RIGHT TO OBJECT</u></h2>

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th of July, 2015.

s/ Michael T. Parker
United States Magistrate Judge